HONORO GIBSON PELTON, EXECUTRIX OF THE LAST WILL AND TESTA-
MENT OF KATE VIOLA GIBSON, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 7402.   Promulgated August 22, 1927.

> The value of property purchased by decedent through invest-
> ments of proceeds of sale of securities acquired by decedent as
> a share in the estate of a prior decedent who died within five years
> and on whose estate an estate tax was paid, was acquired in ex-
> change within the meaning of section 403 (a) (2) of the Revenue
> Act of 1921 and such value is not properly to be included in the
> value of decedent's gross estate.

*Augustus S. Houghton, Esq.,* for the petitioner.
*J. F. Greaney, Esq.,* for the respondent.

Estate taxes in the amount of $3,368.19 are in controversy. The
facts were stipulated.

### FINDINGS OF FACT.

The petitioner is a resident of Englewood, N. J., and is the exe-
cutrix of the last will and testament of Kate Viola Gibson, deceased,
who at the time of her death on May 24, 1924, was a resident of
Tarrytown, N. Y.

William H. Gibson died testate on August 27, 1921, leaving all of
his property to his wife, Kate Viola Gibson. The estate tax on his
estate has been paid. Included in his estate at the value of $361,920
were 27,840 shares of the stock of F. C. Linde Co.

Of these shares, 10,581 were sold by Kate Viola Gibson on Septem-
ber 27, 1921, to F. C. Linde Co. for $135,640. Part of the considera-
tion was paid by a check of the company in the amount of $45,000.
This check was deposited in the National Bank of Commerce of the
City of New York and another check in the amount of $45,000 was
forwarded to Arthur B. Gibson, brother of Kate Viola Gibson,
through the National Bank of Commerce of the City of New York,
for the account of Kate Viola Gibson, which the brother received at
Salt Lake City, Utah, on September 29, 1921. Subsequent to the re-
ceipt of this $45,000, the brother purchased for, or assigned to Kate
Viola Gibson, the following notes, secured by mortgages, amounting
to $27,600:

| | |
|---|---:|
| Note of Joseph Singby Woodring | $4,000 |
| Note of J. G. Vincent et al | 2,500 |
| Note of J. G. Vincent et al | 3,500 |

Note of Glen H. Swain_____$15, 600
Note of J. H. Kemp et ux_____  2, 000

Total_____ 27, 600

The Commissioner included these notes in the gross estate of this decedent.

On September 27, 1921, Kate Viola Gibson sold 17,179 shares of the stock of F. C. Linde Co. which she had received from her husband's estate to David H. Van Name and E. Franklin Pelton for $225,000. Part of the consideration for this sale was paid by two checks, each payable to the order of Kate Viola Gibson, one dated March 21, 1922, in the sum of $80,000 and one dated September 26, 1922, in the sum of $15,000. On March 21, 1922, Kate Viola Gibson gave the check for $80,000 to her attorneys with instructions for the disposition of it. In accordance with these instructions the attorneys deposited this check in their trust account and on March 29, 1922, forwarded $50,000 through the National Bank of Commerce of the City of New York to Arthur B. Gibson to invest in mortgages. The latter received the $50,000 and purchased for, or assigned to Kate Viola Gibson the following notes, secured by mortgages, which were included in the gross estate of this decedent at the value of $42,500:

Note of Westminster College_____ $10, 000
Note of Logan Knitting Co_____  10, 000
Note of Samuel Bonner et ux_____   4, 000
Note of J. J. Kramer et al_____   2, 500
Note of John R. Winter et al_____  16, 000

Total_____  42, 500

On March 28, 1922, the attorneys aforesaid with the remaining $30,000 belonging to Kate Viola Gibson purchased for her the following bonds, which bonds have been included in the gross estate of the decedent at the value of $30,000:

Partition bonds of 1 West 39th St. Building, New York City_____ $15, 000
Partition bonds of Lewis Morris Apartment Building, New York City__  10, 000
Participation bonds of Fisk Rubber Co. Building, New York City_____   5, 000

Total_____  30, 000

On September 26, 1922, the attorneys for Kate Viola Gibson received from her the check for $15,000 which was deposited in the attorneys' trust account. The same day the attorneys purchased for Kate Viola Gibson from the proceeds of the check the following bonds in the amount of $14,500, which bonds have been included in the gross estate of the decedent at the value of $14,500:

Participation bonds of 1060 Park Avenue Apartment
  Building_____ $14, 500

The Commissioner has disallowed a deduction on account of the items herein referred to for property taxed within five years in his determination of the Federal estate tax on this estate.

The petitioner concedes that of the deficiency in tax as determined by the Commissioner, the amount of $94.82 is not in error.

OPINION.

MURDOCK: The respondent defends his action in regard to these items by the argument that under section 403 (a) (2) of the Revenue Act of 1921, the right to the deduction is lost, where there has been more than one exchange and that in the present case there has been more than one exchange. Both parties concede that the question here is exactly the same as the question previously decided by this Board in the *Appeal of Elmer E. Rodenbough, Executor*, 1 B. T. A. 477. In the *Rodenbough* case we had an equivalent set of facts and we were there concerned with a similar provision of the Revenue Act of 1918. The same reasoning that was advanced in the *Rodenbough* case is equally applicable here and we therefore hold that in this case the petitioner is entitled to deduct these items from the gross estate of the decedent.

> *Judgment will be entered in accordance with the foregoing on notice of 15 days, under Rule 50.*

Considered by STERNHAGEN and ARUNDELL.