*1312 OPINION.
GREen:
The issues involved in this case are: (1) Whether the Phoenix, Ariz., waterworks bonds acquired by decedent through the sale of the securities received from the prior decedent, who died within five years prior to death of decedent and on whose estate the estate taxes were paid, can be identified as having been acquired in exchange for the securities so received, and (2) whether the value of the property previously taxed within five years should be reduced by the amount of funeral and administration expenses and debts of the decedent which were paid out of the commingled funds of the estate.
In accordance with the reasoning of the Board in the Appeal of Elmer E. Rodenbough, Executor, 1 B. T. A. 477, we are of the opinion that the record sufficiently establishes the identity of the $20,000 face value of the Phoenix, Ariz., waterworks bonds as having been acquired with part of the proceeds from the sale of the 89 shares of Bacon Underwood Yeneer Co. stock and 135 bonds of Elmwood Cemetery Co. received from a prior-taxed estate within the meaning of section 403 (a) (2) of the Revenue Act of 1921. Since the Bacon stock and the Elmwood bonds were included in the prior decedent’s estate at a lvalue of $31,062.50, since such stock and bonds were sold for only $27,618.97, since only $25,204.47 of such proceeds were invested in the Phoenix bonds, since only four-fifths of such Phoenix *1313 bonds were still held by the decedent at her death, and since the value of such Phoenix bonds still held by the decedent at her death was only $20,600, it is clear that such value of $20,600 is less than the value at which the same proportionate part of the Bacon stock and Elmwood bonds were included in the prior decedent’s estate. The value of such Phoenix bonds in the amount of $20,600, should, therefore, be deducted from the gross estate of Lucy C. Underwood in ascertaining the value of her net estate for the purposes of the estate tax. See also Appeal of Estate of Isabella C. Hoffman, 3 B. T. A. 1361; Walter G. Pietsch, Executor, v. Commissioner, 6 B. T. A. 582; Honoro Gibson Pelton, Executrix, v. Commissioner, 7 B. T. A. 1144; John F. Archbold, Executor, v. Commissioner, 8 B. T. A. 919; Cary v. Urated States, 22 Fed. (2d) 298; and, as contra, United States v. Rodenbough, 21 Fed. (2d) 781.
The second issue involved in this appeal is whether the value of the property with respect to which a deduction is claimed under paragraph two of subdivision (a) of section 403 of the Revenue Act of 1921 should be reduced by the amount of the funeral and administration expenses and debts of decedent paid by the executor out of the commingled funds of the estate.
This question presents the identical problem that was involved in the first point in John F. Archbold, Executor, v. Commissioner, supra, in which case we held that where funds consisting of (1) prior-taxed property and (2) funds from other sources were commingled, and the funds from other sources were always sufficient to defray the expenditures allowable as deductions under section 403(a) (1) and (3) of the 1921 Act, the amount allowable as a deduction under section 403 (a) (2) should not be reduced by the amount allowable under section 403(a) (1) and (3) or any part thereof. In the instant case, funeral expenses, executor’s commissions, attorney’s fees, miscellaneous administration expenses and debts of decedent, amounting to $40,036.13, were paid out of such commingled funds and the funds from sources other than prior-taxed property were at all times sufficient to pay such expenses, commissions, etc. It follows that the respondent was in error in reducing the deduction of property identified as taxed within five years by the amount of $40,036.13. The deficiency should be redetermined on the basis of a net estate for tax of $444,369.43, computed as follows:
Gross estate:
Real estate_$36, 978.19
Stocks and bonds_ 401,297.18
Mortgages, notes, cash and insurance_ 16, 620.31
Other miscellaneous property_ 8, 077. 63
Property identified as taxed within five years- 411,998. 81
Total gross estate-- — 874,972.12
*1314 Deductions:
Funeral expenses_ $643. 00
Administration expenses- 33,114.42
Debts of decedent-- 6, 278. 71
Property identified as taxed within five years- 340, 566. 56
Specific exemption_ 50,000. 00
Total deductions_$430, 602. 69
Net estate for tax- 444, 369.43
Judgment will be entered on 15 days' notice, under Rule 50.